EDWARD J. BAIRD, Respondent, v. GRACE CHURCH OF MILLBROOK, Sued Herein under the Fictitious Name of "THE RECTOR, CHURCHWARDENS AND VESTRYMEN OF GRACE CHURCH, MILLBROOK, IN THE TOWN OF WASHINGTON, COUNTY OF DUTCHESS AND STATE OF NEW YORK, A RELIGIOUS CORPORATION," Appellant.

Second Department, June 17, 1921.

Religious corporations — Protestant Episcopal church — action for breach of contract engaging plaintiff as rector — complaint states facts sufficient to constitute cause of action — motion by defendant for judgment on pleadings — denials and new matter in answer not available where reply admitting new matter not interposed.

Complaint in an action against a Protestant Episcopal church for breach of contract by which the plaintiff was engaged to act as rector examined, and held, that a motion by the defendant for judgment on the pleadings upon the ground that the complaint does not state facts sufficient to constitute a cause of action should be denied, though the complaint contains many averments which are not facts, making it subject to criticism under sections 545 and 546 of the Code of Civil Procedure.

On a motion by a defendant for judgment on the pleadings consisting of the complaint and an answer containing denials and separate defenses, the denials do not aid the defendant, and the allegations of new matter in the separate defenses cannot be considered where no reply is interposed admitting them, since under section 522 of the Code of Civil Procedure, they are deemed controverted by the plaintiff by traverse or avoidance as the case requires.

APPEAL by the defendant, Grace Church of Millbrook, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 5th day of April, 1921, denying defendant's motion for judgment on the pleadings dismissing the complaint.

*George Zabriskie,* for the appellant.

*Harold K. Hines,* for the respondent.

KELLY, J.:

The defendant moved for judgment upon the pleadings upon the claim that the complaint did not state a cause of action. The denials contained in the answer do not help the defendant, and there is no reply to the new matter in the separate defenses pleaded, which must, therefore, be deemed controverted by the plaintiff by traverse or avoidance as the case requires. (Code Civ. Proc. § 522.) While the complaint contains many averments which are not facts, making it subject to criticism, this is not such a motion under sections 545 and 546 of the Code of Civil Procedure.

We, however, find allegations that plaintiff is a qualified ordained minister in the Protestant Episcopal church; that on May 7, 1918, at a meeting of the vestry, a resolution was adopted by a majority vote, calling the plaintiff to be the rector of Grace Church; that plaintiff was notified by the clerk in writing of such action of the vestry, which it is alleged represented the people of the parish; that the plaintiff accepted the call in writing to the clerk; that the defendant agreed to pay plaintiff a salary of $1,800 per year with the use of the rectory; that the pastoral relation arising from an election of a minister as rector is for life, unless otherwise specified; and that plaintiff's election and engagement as rector has never been dissolved in the manner provided by the canons of the church; that at the time of his election and of the agreement pleaded, the plaintiff had a canonical residence in the diocese of Central New York; that in accordance with the laws of the church he had obtained a certificate of transfer from the bishop of that diocese which

he duly presented to the bishop of New York, who agreed to accept the transfer and acknowledge the plaintiff as rector of Grace Church when he received the notice of plaintiff's election from the church wardens, which, it is stated, they were required to transmit to the bishop by the canons; that due demand has been made on the defendants but that they have neglected and refused to send the required notice; that by reason of this refusal the bishop is prevented from recognizing plaintiff as rector and that plaintiff is thus unable to enter upon performance of his duties, to his loss and damage. He alleges that he has been at all times ready, able and willing to perform his obligations under the contract which he alleges was made by defendants and accepted by him.

Section 42 of the Religious Corporations Law provides: " The vestry may, subject to the canons of the Protestant Episcopal Church in the United States, and of the diocese in which the parish or church is situated, by a majority vote, elect a rector to fill a vacancy occurring in the rectorship of the parish, and may fix the salary or compensation of the rector." The canons and customs of a religious denomination must be proved as matters of fact (*Youngs* v. *Ransom,* 31 Barb. 49), and no doubt will be material upon the trial. In the absence of a reply, such excerpts from the canons set out in the answer are not admitted as already pointed out. We express no opinion upon the merits of the action. We think the learned justice at Special Term rightly denied defendant's motion for judgment.

The order is, therefore, affirmed, with ten dollars costs and disbursements.

BLACKMAR, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.